Read, J.
To constitute perjury the oath or affirmation must be material, or be required by, or have some effect in law.
Under the late act, an affidavit of the truth of an answer in Chancery, has no legal effect, unless the bill expressly calls for such answer on oath. Unless called for on oath, the affidavit of the truth of the answer is wholly immaterial; it neither benefits the respondent or injures the complainant. The answer has the same effect, and nothing more, than it would have had, had it not been sworn to.
Hence, to assign perjury upon an answer in Chancery, the indictment should aver that the bill called for an answer under oath.
The 1st and 3d counts not containing this averment are bad. The 2d count is not liable perhaps to this objection, although the averment is so worded that it is objected, that it is an aver *369 ment of the finding of the jury, and not the fact in the bill. But treating this count as good, it will not support the ment of the Court.
The motion for a new trial is based upon the admission of improper evidence, and the insufficiency of the evidence, if properly admitted, to warrant the verdict.
The Court admitted parol evidence to prove that the bill and answer had been filed, affil upon proof that the bill and answer had been lost or stolen, admitted a certified copy of the answer sworn to by the clerk of the Court. To prove what the party charged actually did swear to, it is contended that the answer itself should be produced, and that a copy is not sufficient. There is much force in the objection, and it may be well said that no person should be subjected to the hazard of a conviction for perjury, upon the possibility of a mistake in the copy. Cases have been referred to in support of the admissibility of the copy, to show that on indictments for perjury, where the production of the instrument is necessary, proof of its loss, destruction, or that it was in possession of the party, would authorize parol proof of its contents. But in these cases, the evidence is the direct declaration of a witness as to what he knows,-and not the mere correctness of a copy. The case of Rex v. Jones, 1 Shaw. 327, cited in Roscoe’s Criminal Ev. 189, was where the defendant was convicted of perjury upon proof of a copy of an affidavit. But in that case it was in proof that the defendant had made use of such copy in the course of the cause, so there was express proof that the correctness of the copy was recognized by the party charged. But although the principle may be admitted that in criminal cases, copies and parol proof of the contents of instruments, may, under certain circumstances, be admitted in proof to convict of crime, yet it should be offered with great caution and be very narrowly restricted by the Courts. For although the maxim may have been so long in use as to be deemed a mere sound, signifying nothing; it is in truth better that ninety-nine guilty persons should escape than that one innocent man should be convicted. Besides, *370 where the charge is for the making or passing a forged instruparoj pr00f that it existed is not so liable to mistake as a ’ r r of exact words upon which perjury is assigned. The existence of a forged or counterfeit instrument is very readily proved by parol, and the necessity of proving its exact words and contents, results from the rule that in charging forgery the instrument must be specifically described, so that if a mistake should occur in the exact description, it would go not to the substance of the crime, but the rule of strictness required in pleading. And if a man should'actually forge an instrument, the hazard of receiving parol proof as to its exact words, would not be a risk to which the prisoner would be subjected upon the body of the offence, but of a violation of the technical correspondence between charge and proof required in a conviction of crime. The rule that a forged instrument should be strictly set out in an indictment is one of caution and safety, and not the substance of the crime. It prevents the possibility of a prisoner being indicted upon one forged instrument and convicted upon another forgery, or of a second conviction upon the same instrument. But still the hazard by the admission of copies or parol proof in such case is not upon the substance of the charge. But upon assignment for perjury upon words written and falsely sworn to, where the omission of a not or particle of negation, may affirm that to be so which was denied, and make the party swear that to be true which was false, goes to the substance of the crime. The best copyists are liable to err, and a poor copyist or unpracticed hand is almost certain to blunder. Hence, I am disposed to deny that perjury can be assigned or established upon an unsupported copy. But this point is not so decided by a majority of the Court. The same objection would apply to the introduction of a copy of the bill, but this was attempted to be proven by the oath of a witness.
In perjury it requires two witnesses, or at least what is equivalent. There is the direct testimony of Groff, the complainant, but it is a matter of very serious doubt with me whether there *371 is proof which is equivalent to the direct testimony of two witnesses, and to this doubt the prisoner would be entitled.
But upon the point that the bill called for the answer or oath, there is a total failure of proof. Brewer swears, “ It is my belief that the bill called for an answer under oath. It is my belief that it did though the brief does not show it, and as near as I can recollect the brief, it is in substance the same as the bill.”
There is no proof that the bill called for the answer under oath— it is mere unsupported belief.
We therefore reverse the judgment, and award a new trial.